JANE E. NUTTER, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

JACK O. NUTTER, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1632–68, 1633–68. Filed February 12, 1970.

*William M. Waldrom* and *Norman D. Hall, Jr.,* for the petitioners. *Richard Rink* and *Roger Rhodes,* for the respondent.

292

OPINION

Section 6901 of the Internal Revenue Code of 1954 provides in part:

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected

in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

 (1) INCOME, ESTATE, AND GIFT TAXES.—

  (A) Transferees.—The liability, at law or in equity, of a transferee of property—

   (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes),

   \*   \*   \*   \*   \*   \*   \*

 (b) LIABILITY.—Any liability referred to in subsection (a) may be either as to the amount of tax shown on a return or as to any deficiency or underpayment of any tax.

This section neither creates nor defines any substantive transferee liability. Instead it provides an administrative procedure whereby the Commissioner may collect from a transferee or transferees the unpaid taxes of the transferor, for which, under the applicable State law, i.e., Arizona law, the transferees are liable. *Commissioner* v. *Stern*, 357 U.S. 39 (1958). The Government's substantive rights vis-a-vis either of the petitioners are precisely those which Land Co.'s other creditors would have under Arizona law. *Commissioner* v. *Stern, supra.*

The Commissioner contends that petitioners' liability as transferees is established by any or all of the following provisions of the Arizona Revised Statutes:

Sec. 44–1004. Conveyances by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Sec. 44–1005. Conveyances by persons in business

Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

Sec. 44–1007. Conveyance made with intent to defraud

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

Liability under either section 44–1004 or 44–1005 is predicated upon the absence of "fair consideration." That term is defined in section 44–1003 of the Arizona Revised Statutes:

Fair consideration is given for property, or obligation:

1. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

We consider first the question whether petitioners gave "fair consideration" for the property transferred to them. If they did there can be no liability under either section 44–1004 or 44–1005.

The stipulated facts show that Land Co. was indebted to the petitioners in the amount of $271,437.81 on September 30, 1958. The parties also stipulate that this amount represented "a valid indebtedness at that time." We find that the corporation remained indebted to petitioners for more than $100,000 when they released their mortgage of record on April 3, 1962. It was the intent of the petitioners when they released their mortgage that Land Co. would shortly convey to them the 80-acre parcel, representing their "equity" in Land Co.'s assets after payment of all its other known creditors, as consideration therefor and that the conveyance was to constitute part payment of Land Co.'s debt to them to the extent of the actual value of the parcel. We think the substance of the transaction was in accord with this stated intention, and that petitioners gave the corporation "fair equivalent" value in exchange for the parcel. And we think the exchange was made "in good faith" and without any intention on the part of petitioners to secure for themselves any preference over Land Co.'s other creditors all of whom, with the exception of the Commissioner, were paid in full: as secured creditors they already enjoyed priority over the Commissioner's claim for taxes. *United States* v. *Guaranty Trust Co.*, 33 F.2d 533 (C.A. 8, 1929), affirmed on other grounds 280 U.S. 478. The Commissioner does not question the validity of Land Co.'s debt to petitioners nor the effectiveness of their mortgage as securing the priority of their claim over the claims of Land Co.'s unsecured creditors, including the Commissioner. Accordingly, we hold that petitioners gave "fair consideration" for the transfer.

There remains to be considered whether petitioners' liability as transferees of property is established by section 44–1007 of the Arizona Revised Statutes. The Commissioner must prove that the parcel was transferred *"with actual intent * * * to hinder, delay, or defraud either present or future creditors."* (Emphasis supplied.) Ariz. Rev. Stat. Ann. sec. 44–1007 (1956). The burden of proof is upon the Commissioner to show such intent. Sec. 6902. We do not think he has done so.

*Decisions will be entered for the petitioners.*